**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| ALEXIS C. NORMAN, | § | |
| (Reg. No. 49210-177), | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:21-CV-669-P |
| | § | |
| WARDEN CARR, | § | |
| FMC Carswell et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION and ORDER OF PARTIAL
DISMISSAL UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/plaintiff Alexis C. Norman's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After reviewing the amended complaint, the Court concludes that the bulk of Plaintiff's claims and defendants must be dismissed under these provisions, but that she may obtain service of her remaining Eighth Amendment claims against Warden Michael Carr and Medical Director Charles Langham.

**BACKGROUND/PLAINTIFF'S PLEADINGS**

Norman initiated this action by filing a civil-rights complaint with attachment pages and incorporated exhibits totaling 256 pages, some of which were single-spaced, some of which were handwritten. Compl., ECF No. 1. This Court issued an Order advising Norman that her pleading violated Rule of Civil Procedure 8 and directed her to file an amended form complaint with attachment pages not to exceed a total of 30 pages in length. Order,

1

ECF No. 11. In response, Norman filed a 54-page complaint with attachment pages and exhibits. Am. Compl. 1-54, ECF No. 12. Thus, although Norman's amended complaint is beyond the scope of the Court's page-length directive, because the substance of the pleading is included within the first 31 pages, the Court will review Norman's amended complaint. Am. Compl. 1-31, ECF No. 12.[1]

In the amended complaint, Norman names as defendants FMC-Carswell Warden Michael Carr, FMC-Carswell Medical Director Charles Langham, Bureau of Prisons Director Michael Carvajal, an unnamed Bureau of Prisons Medical Director, FMC-Carswell, and the Bureau of Prisons (Covid-19 Review Team). Am. Compl. 3, 29-31, ECF No. 12. Norman includes a two-page introduction of her allegations against the Bureau of Prisons, and in particular regarding the response of FMC-Carswell officials, to the COVID-19 pandemic at that institution. *Id*. at 6-7. Norman next sub-titles a section of her complaint to state claims under "§ 504 of the Rehabilitation Act," which also incorporates claims under the American with Disabilities Act (ADA). *Id* at 7, 9. Norman's allegations within the Rehabilitation Act/ADA sections constitute the bulk of her amended complaint in numbered paragraphs. *Id.* at 7-24, ¶¶ 1-52. In the later pages of the amended complaint, Norman sub-titles a section as "Eighth Amendment Violation," and she re-numbers the paragraphs in that section of her pleading. *Id.* at 24-29, ¶¶ 1-13. Lastly, Norman lists a

---

[1] The Court warned Norman that as an amended complaint supersedes the original pleading, the Court would review only her amended complaint and attachment pages. Order 4, ECF No. 11 (citing *Clark v. Tarrant Cnty.*, 798 F.2d 736, 740 (5th Cir. 1986) (noting that amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect).

"Relief" section in which she seeks for this Court to issue directives to FMC-Carswell in eighteen particular forms of relief. *Id.* at 29-31.

## LEGAL STANDARD OF REVIEW UNDER § 1915A and § 1915(e)(2)(B)

Plaintiff Norman is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity, her pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because Norman is proceeding *in forma pauperis*, her pleadings are also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief

3

above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

### A. Claims against the Bureau of Prisons and Official Capacity Claims

Norman lists as defendants individual Bureau of Prisons and FMC-Carswell officials, as well as naming an FBOP (Federal Bureau of Prisons) Covid-19 Review Team. Am. Compl. 3, ECF No. 12. Although it is unclear whether Norman intends her claims against the individuals to also be in an official capacity, to the extent she asserts official capacity claims, they must be dismissed. The Supreme Court, in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*, recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law. 403 U.S. 388, 297 (1971). Although a Plaintiff may pursue a *Bivens* claim against individual federal officers for a constitutional violation in certain limited contexts, she may "not bring a [*Bivens* action] against the United States, the Bureau of Prisons [BOP], or BOP officers in their official capacities as such claims are barred by sovereign immunity." *Gibson v. Federal Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71–72 (2001) and *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (claims against employees in official capacities are considered a suit against the government entity); *see also Federal Deposit Insurance Corp. v. Meyer,* 510 U.S. 471, 484–86 (1994) (*Bivens* claim not authorized against a federal

4

agency). As a result, Norman may not seek relief for alleged violations of her constitutional rights against the Bureau of Prisons or against the individual defendants in an official capacity, and thus such claims must be dismissed.

## B.     Claim under the Rehabilitation Act of 1973

As noted, a large portion of Norman's amended complaint is a detailed listing of how her alleged conditions and restrictions at FMC-Carswell amounted to violations of her rights under Section 504(a) of the Rehabilitation Act, 29 U.S.C. § 794(a). Am. Compl. 7–24, ¶¶ 1–52, ECF No. 12. The Rehabilitation Act ("RA") provides that no qualified individual with a disability shall be excluded from participation in, denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance, or activity conducted by any Executive agency. 29 U.S.C. § 794(a). Although the remedy provision of the RA provides for monetary damages for "any act or failure to act by any recipient of federal assistance or Federal provider," 29 U.S.C. § 794a(a)(2), in interpreting this language, the Supreme Court determined that Congress only intended to waive sovereign immunity against monetary damages for the "narrow category of § 504(a) violations committed by federal funding agencies acting as such-that is, by Federal provider[s]." *Lane v. Pena*, 518 U.S. 187, 192-93 (1996).  In other words, because the remedy provision did not make reference to any "programs or activities," the Supreme Court declined to read the phrase "Federal provider" to include a waiver of damages for anything more than funding activities. *Id.* at 193.

Norman named the defendants in both and individual and official capacity. As noted

5

above, an action against a federal government official in an official capacity is an action against the United States and its agencies, such as the BOP. Thus, any claims for monetary damages under the RA for alleged discrimination under any program or activity against the Bureau of Prisons are shielded by sovereign immunity. *See e.g.*, *Roark v. Flanery*, No. 5:12-CV-60, 2014 WL 4447451, at *27 (E.D. Tex. Sept. 9, 2014) ("the Bureau of Prisons does not fit within the definition of programs or activities governed by § 794(a)[Section 504 of the Rehabilitation Act]"); *Collins v. Pigos,* No. 1:CV-12-00232, 2013 WL 943119, at *3 (M.D. Pa. Mar. 11, 2013) ("the United States' sovereign immunity has not been waived by the Rehabilitation Act except in situations not applicable here [federal inmate's suit]")(citing *Lane*, 518 U.S. at 191–92).

Furthermore, the Fifth Circuit has held that an individual may not be sued in his or her individual capacity under the Rehabilitation Act. *See Comeaux v. Thaler*, Civ. No. H-01-1411, 2008 WL 818341, at *18 (S.D. Tex. Mar. 24, 2008) (noting "the Fifth Circuit . . . has recognized that a plaintiff cannot sue an individual under the Rehabilitation Act, 29 U.S.C. § 794(a)" (citing *Lollar*, 196 F.3d at 609)). Therefore, all of Norman's claims against the defendants under the Rehabilitation Act must be dismissed.

**C.    Claim under the Americans with Disabilities Act**

Incorporated within the sections of her amended complaint reciting claims under the RA, Norman also seeks recovery under the Americans with Disabilities Act ("ADA"). Am. Compl. 9, ECF No. 12. The ADA "forbids discrimination against persons with disabilities in three major areas of public life:" (1) employment (Title I); (2) public services, programs,

and activities (Title II); and (3) public accommodations (Title III). *Tennessee v. Lane*, 541 U.S. 509, 516–17 (2004). It appears Norman asserts alleged violations of Title II of the ADA. Am. Compl. 9, ECF No. 12. As noted, that section prohibits discrimination against the disabled by a public entity. 42 U.S.C. §§ 12131-12165. The definition of "public entity" in the ADA, however, does not include the federal government. 42 U.S.C. § 12131(1)(A)-(B) (defining public entity as only a State or local government or department of agency of a State or local government). Title II of the ADA has therefore been found to not cover the BOP. *Chamberlain v. Chandler*, 344 F. App'x 911, 913 (5th Cir. 2009) (affirming dismissal of ADA claims against Bureau of Prisons on the basis that ADA is not applicable to the federal government); *Marlin v. Alexandre*, 254 F. App'x 374, 375 (5th Cir. 2007) (same); *see also Phillips v. Tiona*, 508 F. App'x 737, 752 (10th Cir. 2013) ("Title II of the ADA does not apply to federal prisoners in federal prisons . . . .").

Furthermore, the Fifth Circuit recognized that the ADA does not permit public employees to be sued in their individual capacities. *See Nottingham v. Richardson*, 499 F. App'x 368, 376 n.6 (5th Cir. 2021) ("We held in *Lollar* that only the public 'entity' was amenable to suit under the RA . . . .") (citing *Lollar v. Baker*, 196 F. 3d 603 (5th Cir. 1999)); *Golden v. Longview, Public Works*, No. 6:20-CV-620-JDK-JDL, 2021 WL 2827486, * 2 (E.D. Tex. May 26, 2021) (reciting that "under the ADA [individual named defendants] cannot be sued in their individual capacities as individual liability does not exist under the ADA"); *see also Marlin v. Davee*, No. 1:07-CV-131, 2009 WL 2970513, at *5 (E.D. Tex. Sept. 8, 2009) ("[T]he Fifth Circuit has determined that plaintiff may not sue either

7

individual defendants or the Bureau of Prisons under the ADA in a recent decision in another case involving this plaintiff[.]") (citing *Marlin v. Alexandre*, 254 F. App'x 374, 375 (5th Cir. 2007)).

Therefore, plaintiff Norman cannot maintain an ADA lawsuit against the BOP or its employees in their individual capacities. As no defendant is amenable to suit under the ADA, all Norman's ADA claims must be dismissed.

### D.   Claim against Michael Carvajal and unnamed BOP Medical Director

As noted above, the Court has construed Norman's claims against the individual defendants as asserting rights under *Bivens*, 403 U.S. at 297. *Bivens* provides a cause of action against federal agents only in their individual capacities and requires a showing of personal involvement. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (citations omitted). Although Norman has listed as individual defendants Bureau of Prisons Director Michael Carvajal, and an unnamed Bureau of Prisons Medical Director, she has provided no specific facts of any action taken by either of these defendants related to her allegations or her claims of harm. Thus, Norman's claims against these defendants must be dismissed.

### E.   Claims against FMC-Carswell

Norman does not list FMC-Carswell in the section of her amended complaint identifying defendants, but all of the relief sought by Norman is worded as seeking that this Court order "FMC-Carswell" to take numerous different actions. Am. Compl. 29–31, ECF No. 12. It is settled law, however, that a federal prison like FMC-Carswell is not a

8

legal entity amenable to suit. *See Duhaney v. Gusman*, No. Civ. A. 06-3518, 2009 WL 1607915, at *3 (E.D. La. June 2, 2009) (holding FDC-Houston is not a legal entity amenable to suit); *Christy v. Federal Bureau of Prisons*, No. Civ. A. 09-3044-SAC, 2009 WL 961388 at *2 (D. Kan. Apr. 8, 2009) (holding U.S.P. Leavenworth is not a legal entity suable for civil rights violations) (citing *Marsden v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D. N.Y. 1994)); *Nolan v. Hamidullah*, No. Civ. A. 4:07-1141-JFA-TER, 2007 WL 1726447 at *3 (D.S.C. Jun. 12, 2007) (holding FCI-Estill is not a proper party in a *Bivens* action). Therefore, Norman's claims against her federal prison facility are frivolous and fail to state a claim upon which relief can be granted.

**F.     Claims Related to Norman's Sentence**

Norman also asserts claims related to the service of her sentence. Am. Compl. 31, ECF No. 12. The Court notes that a sentence reduction on the basis of compassionate release is provided for in 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has previously concluded that a district court, other than the sentencing court, lacks jurisdiction to consider a § 3582(c) motion. *See Landazuri v. Hall*, 423 F. App'x 475, 2011 WL 1659572, at *1 (5th Cir. Apr. 28, 2011) ("Because Landazuri did not file this [3582(c)] challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it."); *see also Clark v. Upton*, No. 4:19-CV-064-A (N.D. Tex. Feb. 22, 2019) ("Inasmuch as the court is to consider the factors set forth in 18 U.S.C. § 3552(a) in making a determination of the kind Clark seeks [compassionate release under § 3582(c)(1)(A)], the court finds that the sentencing court would be more appropriately

suited to make the decision on Clark's motion"). Thus, to the extent Norman seeks release under 18 U.S.C. § 3582(c)(1)(A), such request must be dismissed without prejudice to Norman's right to seek such relief in her sentencing court.

Furthermore, Norman also requests that FMC-Carswell recalculate her earned time credits pursuant to the First Step Act and apply those time credits to her sentence. Am. Compl. 31, ECF No. 12. A section 2241 petition for writ of habeas corpus on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978) (per curiam). Thus, Norman's claim that she may be entitled to earned time credits towards her sentence will also be dismissed without prejudice to her right to seek such relief through a petition for writ of habeas corpus under 28 U.S.C. § 2241.[2]

## SERVICE OF REMAINING CLAIMS

As noted above, Norman specifically alleges that several aspects of her confinement

---

[2]In this same section of her amended complaint, Norman seeks to assert claims on behalf of other inmates. Am. Compl. 31, ECF No. 12. As Norman proceeds *pro se*, and as she does not claim to act as an attorney on any other inmate's behalf, she cannot seek relief on behalf of other inmates. Although 28 U.S.C. § 1654 authorizes a litigant to proceed in federal court as her own counsel, an individual who does not hold a law license may not represent other parties. *See Martin v. City of Alexandria*, 198 F. App'x 344, 346 (5th Cir. 2006) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause")); *see also Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[I]ndividuals not licensed to practice law by the state many not use the 'next friend' device as an artifice for the unauthorized practice of law.")

violate her rights under the Eighth Amendment. *See* Am. Compl. 24-29, ECF No. 12. These allegations include some facts in support of her claims against defendant Warden Carr and defendant FMC-Carwell Medical Director Charles Langham. Construed liberally, Norman has alleged facts in the "Eighth Amendment Violation" section of her amended complaint that entitle her to service of that pleading on these two defendants only. Thus, the Court will allow service of Norman's Eighth Amendment claims against Warden Carr and Medical Director Langham through the assistance of the officers of the Court under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See Rochon v. Dawson*, 828 F. 2d. 1109-1110 (5th Cir. 1987).[3]

## CONCLUSION and ORDER

Based on the foregoing, it is therefore **ORDERED** that all plaintiff Alexis C. Norman's claims, except for her claims related to the service of her sentence and her Eighth Amendment claims against Warden Michael Carr and Medical Director Charles Langham, are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further **ORDERED** that Norman's request for reduction in sentence for compassionate release is **DISMISSED** for lack of jurisdiction without prejudice to her right to seek relief in the sentencing court.

It is further **ORDERED** that Norman's request for calculation of time credit toward her sentence is **DISMISSED** without prejudice to her right to seek such relief through the

---

[3] A separate order will issue regarding authorization for service of Norman's Eighth Amendment claims against these two defendants.

filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241.

**SO ORDERED** this **18th day** of **November, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE